*Given, for appellant.*

---

RICHARD SMITH *v.* K. FARROW'S ADMR.

Judgment—Evidence to Over Come Correctness of.

Before the legal presumption of judical correctness of a judgment of court can be overcome, it must be shown affirmatively by the weight of the evidence, that the decision was erroneous.

Same.

Memorandum made by two attorneys, showing incorrectness, against the examination of same accounts by three other attorneys, showing same to be correct. .Held, not sufficient to off-set the legal presumption of, the correctness of a chancery decision.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 7, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

William P. Smith, appellant's father, died intestate in the autumn of 1853, and his widow administered upon his estate, with her brother-in-law, said Judge Keney Farrow, and her son, J. W. Cluke, by a first husband, as her securities.

The intestate was much involved in debt. Had recently purchased a farm of about 200 acres, for near $8,000, only one-third of which had been paid, and many other liabilities also existed against him. He left a few slaves and a personal estate greatly inadequate to the discharge of his debts.

A son by a former marriage, then grown, and one married and a single daughter and appellant were his children and heirs at law.

Either the slaves or land must be sold to liquidate the debts, when the children and relatives determined it was better for the widow and family that the land should be sold, consequently the widow and the heirs filed a petition seeking a sale of the land rather than the slaves, which was duly referred to the commissioner to ascertain the personal assets, etc., and commissioners were appointed to ascertain whether it was the interest of the heirs to sell the land, some of whom were related to the decedent. The grown children desired this, and the commissioners unanimously reported favorable thereto.

The court adjudged a sale, and appointed Judge Farrow as the receiver of the funds, to collect the proceeds of sale, etc. In this suit the entire indebtedness of the estate was ascertained as well as its personal assets and proceeds of the farm, and a report of the exact situation of the estate made by an intelligent commissioner.

The whole estate, as to resources and liabilities, was settled up and the proceeds of the farm accounted for by Judge Farrow, and the personal assets by the administratrix, and the slaves were partitioned.

Appellant was then in minority, but verging on manhood. Subsequently to said settlement and final adjudication, Judge Farrow, learning that there was some dissatisfaction on the part of his sister-in-law and her family, suggested to them that they select an attorney or attorneys and that they should examine the suit and settlement, and if any errors were discovered he would correct them; accordingly the widow selected Colonel Childs, a lawyer of standing and ability, and Ferguson, a husband of one of the heirs, selected O. S. Terney, another lawyer of intelligence and character, and they, together with Judge Farrow, did thoroughly examine the settlement, commissioner's report, resources and liabilities of the estate, and pronounced the judgment correct and without error or mistake.

Subsequently to this some of the heirs also got another attorney, Capt. Samuel McKee, to examine the case, and he says, after spending a week in examining the papers, he could discover no error.

Subsequently, appellant got T. Turner and B. A. Leoven, attor-

neys, to examine the case, in which they took memoranda, and discovered, as they thought, some errors amounting to between one and two thousand dollars, but delayed bringing suit for near twelve months. After this examination and the bringing the suit the clerk's office and records were destroyed by fire, by a raid of Southern soldiers on the town.

The only evidence surcharging the settlement and adjudication in the aforesaid suit were these memoranda made by Turner and Leoven and their depositions proving said examination.

In their memorandum they charge against the administratrix an indebtedness of $1,000 of J. W. Cluke's on notes to the estate, when it appears that the decedent had been his step-son's guardian, had obtained considerable of his means and used them, and when his ward arrived at majority had to sell him the only farm which the guardian then owned.

McKee says he found a receipt of J. W. Cluke in the papers, and that the papers should balance in Farrow's favor. There is no reason assigned why Cluke's deposition was not taken, by which it could have been established whether he was indebted to the decedent or not.

Farrow insists in his answer that Smith was indebted to Cluke. Turner and Leoven's memoranda show that an item of $1,000 and another of $200 were paid Cluke by the receiver for Mrs. Smith.

These things are unsatisfactory, and have no tangible and certain solution as to this item.

If, however, this case stood alone on the probabilities, as derived from the extrinsic evidence, there would be the examination of three lawyers against two, with this imposing circumstance in favor of the majority, that Childs and Turney examined the case with Judge Farrow present to explain such facts as might reasonably be expected they could not so easily understand without explanation, so that the weight of this testimony alone, putting all the witnesses on equality as to credibility, would be against any presumed error.

But after the alleged destruction of the papers of that suit and when the date is destroyed upon which an intelligent commissioner acted and reported and the court adjudged, and which report lay over from one term of the court to another, for exception and none being taken, and then going through the crucible of the judicial mind, the disparity in the weight of evidence is immense.

On the one hand stands the official action of an intelligent commissioner, under oath, acting for and in the presence of all the parties, his acts open to their scrutiny and exception, then the solemn adjudication of the presiding officer of the court, all sustained by a thorough examination made by two intelligent counsel representing the widow and some of the heirs, with Judge Farrow present, and subsequently examined by another intelligent counsel of some other of the heirs, in Farrow's absence, against the memoranda of two counsel, in Farrow's absence; and this case now to be determined in the absence of the papers of the original suit.   The weight of the evidence and the intrinsic probabilities flowing therefrom, sustains the more important legal presumption that the adjudication was right.

Before this legal presumption of judicial correctness can be overcome the appellant must show, affirmatively, by the weight of evidence that the decision was erroneous, and this he has signally failed to do, as the weight of the extrinsic evidence sustains this legal presumption of judicial correctness.

Wherefore, the judgment dismissing appellant's petition is approved and *affirmed*.

Judge Peters not sitting.

*Holt,* for appellant.

*Nisbett,* for appellee.